# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
SEP -7 AM 10: 51

DEPUTY CLERK BMG

| | |
|---|---|
| LORNE LEE CLARK, Plaintiff | § |
| | § |
| Vs. | § |
| | § Case No. 5:17-CV-083-C |
| SUZAN RIVAS | |
| TIFFANY MAYBANKS | §   Jury Trial Demanded |
| MARSHA MCLANE | |
| DR. DEHIENA PH.D. | § |
| DR. JACK PH.D. | |
| Defendants. | § |

## Plaintiff's Amended Pro SE 1983 Civil Rights

## Complaint Under 42 U.S.C.S. § 1983

(Violations of Civil Rights)

**COVER PAGE**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# LUBBOCK DIVISION

| | |
|---|---|
| LORNE LEE CLARK, Plaintiff | § |
| | § |
| Vs. | § |
| | § Case No. _____ |
| SUZAN RIVAS | |
| TIFFANY MAYBANKS | §   Jury Trial Demanded |
| MARSHA MCLANE | |
| DR. DEHIENA PH.D. | § |
| DR. JACK PH.D. | |
| Defendants. | § |

## Plaintiff's Amended Pro SE 1983 Civil Rights Complaint Under 42 U.S.C.S. § 1983

(Violations of Civil Rights)

**01.** Comes now Plaintiff Pro Se, Pursuant to United States Constitution and Title 42 U.S.C.S. § 1983 and files his Amended Complaint alleging Civil Rights Violations and state claims. Plaintiff is claiming violations of his Eighth and Fourteenth Amendment rights and for cause of actions brought under 42 U.S.C. §§ 1985 and 1986. The plaintiff seeks compensatory and punitive damages, declaratory relief, and prospective injunctive relief.

## Jurisdiction and Venue

**02.** Jurisdiction is conferred upon this Court by 28 U.S.C.S. § 1331 which authorizes Federal Courts to decide cases concerning Federal questions, and 28 U.S.C.S. 1343 which authorizes federal courts to hear actions brought under 42 U.S.C.S. § 1983 (hereafter § 1983). The plaintiff seeks declaratory relief pursuant to 28 U.S.C.S. §2201 and 2202, and injunctive relief pursuant to 28 U.S.C.S. § 2283 and 2284, and Federal rules of Civil Procedure – Rule 65.

03.     This court has supplemental Jurisdiction over the Plaintiff state law claims pursuant to 28 U.S.C.S. § 1367, as this civil action contains facts and state law claims that are related to other claims in this action that they form part of, and become constituent ingredients embedded in the same case and controversy for purposes of Article 3 of the United States Constitution.

04.     Venue is appropriate in this court pursuant to 28 U.S.C.S. 139 (b) (1) (2). Venue is proper in this court because, except for Defendant's Marsha McLane, Tiffany Maybanks who are located in the Western District of Texas - Austin Division at 4616 West Howard Drive, Austin TX. All other parties to this complaint are located in the Northern District of Texas.  All parties in this Complaint are residents of Texas.  Defendants Suzan Rivas, Dr. Dehiena, Ph. D., and Dr. Jack, Ph. D. at all times relevant to this complaint, were or are officers, employees, contractors, or otherwise agents of the state of Texas, acting in their official and individual capacities, and under color of law.  The business of the Defendants are all conducted in the State of Texas.

## EXHAUSTION STATEMENT

05.     Plaintiff is a resident, at Texas Civil Commitment Center (hereafter T.C.C.C) under a State District Court Order pursuant to Texas Health & Safety Code § 841.081 (a) 082 (a) (1).

## PLAINTIFF'S CLAIM

06.     On June 5 2015 while working in maintenance at Avalon Inc., 600 N. Henderson St. Fort Worth, TX. (Halfway House), at around 11:40 AM resident Mr. Grinstead and I were carrying a p-vac air conditioner into the maintenance shop.  We couldn't find the cart we usually put heavy things on to transport such items; it was nowhere to be found.

While backing up into the cluttered Maintenance shop I tripped over a box, fell and twisted on to my left butt cheek, and broke the L-2 vertebra in my back.

07.   I was taken by ambulance to John Peter Smith hospital emergency room. While in route, they couldn't administer any pain meds; due to my working in the heat of day they couldn't find a vein to hydrate my body. I was given several extensive x-rays. It was determined by Dr. Alexander that I broke my L-2 vertebra who then referred me to an orthopedic surgeon. I was given a prescription for Hydrocortisone. This was on a Friday. During my stay in the emergence room, which was for at least, 3 to 4 hours I never saw my T.C.C.O. Case Manager, Defendant Suzan Rivas, who knew I was indigent at the time and without any funds. I was not financially able to pay for any pain medication until the following Monday, at around noon. I was in pain on the scale of at least a nine the whole weekend. I didn't see my case manager until Tuesday. I had to borrow the money from another resident, which is technically a T.C.C.O. rule violation, to purchase my pain meds.

08.   My T.C.C.O. Case Manager, Defendant Suzan Rivas, didn't seem to want me to get help through John Peter Smith. I already had an appointment to see an orthopedic surgeon on 6-22-15. Defendant Suzan Rivas wanted me to go through the Veterans Administration for my back. I expressed my concern to her over how slow things are at the Veterans Administration and that they didn't have a good track record. Moreover, it was my back and I believe that I should be able to have a say so on where I receive my treatment. Defendant Suzan Rivas refused to honor my appointment for the Orthopedic Surgeon at John Peter Smith. I had to wait and get things done through the Veterans Administration. Defendant Suzan Rivas also refused to honor my attorney's request for me to see the DFW Injury Clinic. Because of these events my attorney Kristina N. Kastl 4111 North Central Expressway Suite 300 Dallas, TX (214) 821- 0230, dropped my

lawsuit, which has a 2-year Statute of limitation. The day I was supposed to go to the Veteran's Administration, for my MRI I was unexpectedly transferred to Dallas, TX to another halfway house. Upon arriving, I met with Defendant Tiffany Maybanks, a T.C.C.O Case Manager at the time and I explained to her that I was supposed to be going to the Veteran's Administration in Fort Worth, TX. Defendant Tiffany Maybanks stated there wasn't anything she could do for me. It seems to me that it was very convenient that I was moved the very day I was supposed to have my MRI threw the Veteran's Administration.

09.  When I arrived at Texas Civil Commitment Center, I was still in my back brace. I spoke Defendant Marsha McLane. She stated she didn't even know that I had broken my back. I find this hard to believe do to the fact that I let Defendant Suzan Rivas know that I was perusing legal action against Avalon Inc. at the time. Moreover, it had been almost 2 months since the accident. I spoke to Defendant Marsha McLane on at least three more occasions. The second time we spoke with each other, it seemed to me that all she was concerned with was if I was going to sue T.C.C.O. or not. At that time, I was still trying, Pro se, to pursue legal action against Avalon Inc., after my attorney dropped my case due to the case being time bared, in addition to the fact that I was not being allowed to go the appointments my attorney made for me. I contend this to be a direct result of negligence and willful disregard of my constitutional rights as an American citizen. I believe this was done willfully and purposely, due to the fact of my detainment at the T.C.C.C. facility.

10.  Before arriving at Texas Civil Commitment Center, we were asked about all our medical issues. After numerous requests to see, Defendant Dr. Dehiena, she only gave me a finger squeeze test and deemed me being healed, and sent me on my way. After more requests and waiting, I requested an MRI. Moreover, I showed Defendant Dr. Dehiena

on page 6 of my records form John Peter Smith hospital *{EXHIBIT A}* that I was supposed to see an orthopedic surgeon. This was ignored and I was not allowed to take my prescribed medication because the facility refused to allow any narcotics in the facility. After Defendant Dr. Dehiena quit, I also showed my medical report to Defendant Dr. Jack, where I was recommended to see an orthopedic surgeon. I was then prescribed Tramadol 100mg twice a day and ibuprophan 400mg three times a day. Due to the side effects of the Tramadol, I suffered from chronic constipation. It got to the point I had to decide if I wanted to suffer from hmyroids or suffer from constant back pain. I choose the latter. It got to the point that I was only issued the Tramadol if absolutely necessary.

11.  A few months ago Defendant Dr. Jack prescribed Cymbalta 60mg to me to assist me in coping with the nerve pain. Some of the side effects are erectile dysfunction. A few weeks after taking this medication I was given a PPG, which tests your arousal to certain stimuli. My test was deemed inconclusive and/or not enough of a response received. This in turn effects the results of my biannual review for Civil Commitment adversely. The only reason I was able to obtain an MRI & Bone density scan was because of another part time Doctor, name unknown, who happen to have the nurses measure my legs. I have not yet been able to get to UMC in Lubbock, TX to talk to a neurosurgeon or find out the results of the MRI or bone density scan. Since the accident I have been getting migraine headaches at least twice a month sometimes more. My left leg feels like it's longer than the other, sometimes I'm not able to pick it up like I should and at times I trip.

12.  It seems like getting medical treatment is like pulling teeth which is Correct Care Solutions LLC and T.C.C.O.'s notion of dental care. I feel that if I had been allowed to seek treatment through my attorney's advice, and I was still under outpatient treatment, I would be on the road to recovery, and not be such a burden to society.

13.    On 8-22-17, I finally was seen by a neurologist at UMC in Lubbock, TX and I was told by the Dr., name unknown, that there was not anything they could do for me. While there, I did not see any x-rays or anything connected to my MRI. However, I was told the bone was healed and that I could not have an opportunity to seek a second opinion. I do not understand why one doctor would recommend surgery and another say there is nothing that could be done. I wobble when I walk because one leg is longer than the other is. I did not have that problem before the accident; I have migraine headaches that make me vomit sometimes.

## RELIEF REQUESTED

Wherefore, Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants, unless the Court grants the relief the Plaintiff seeks.

Wherefore, Plaintiff respectfully PRAYS for Judgment in his favor as follows:

- A jury trial on all issues triable by jury.
- A Declaratory Judgment:

Declaring that T.C.C.O. and Correct Care Solutions LLC has violated the Plaintiff's Eighth & Eleventh Amendment rights of the Plaintiff by deliberate indifference and lack of proper medical care by manipulating the system to delay and otherwise over look his serious medical needs. Having part time Doctors who have case louds that five doctors couldn't keep up with on a good day much less one Doctor.

The Plaintiff is asking to be awarded for his pain and suffering and neglect in the amount of $1,500,000.00, and the sum not being taxed or any fees being paid to T.C.C.O

- 6 -

or Correct Care Solutions LLC. They take 33% of all income. In addition, that all costs and fees due to attorneys or Court costs be paid for by the Defendants.

*Lorne Lee Clark*
Lorne Lee Clark– Plaintiff Pro se
Texas Civil Commitment Center
2600 S. Sunset
Littlefield, TX 79339

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the United States Postal Service by placing the foregoing into the TCCC Legal Mail Box on the ___30___ day of August, 2017, to the Defendant's Attorney at:

**Office of the Attorney General**
**Law Enforcement Defense Division**
**P.O. Box 12548 (MC059)**
**Austin, Texas 78711-2548**
**(512) 463-2080 / (512) 936-2109 Fax**
**www.texasattorneygeneral.gov**

*Lorne Lee Clark*
Lorne Lee Clark – Plaintiff Pro se

## CERTIFICATION

I, Lorne Lee Clark, having produced and read the foregoing acknowledges and knows the contents thereof, and hereby verifies in good faith that all matters alleged therein are in fact true and correct to the best of my knowledge and my belief. As to matters alleged on information and belief, I do believe them to be true as well.

I declare under penalty of perjury that the foregoing is in fact true and correct according to my knowledge and belief.

Executed at the Texas Civil Commitment Center, in Littlefield, Lamb County, Texas on this _____ day of August, 2017.

*Lorne Lee Clark*
Lorne Lee Clark – Plaintiff Pro se

LORNE LEE CLARK 0571373B
Texas Civil Commitment Center
2600 S. Sunset Dr
Littlefield, TX 73993

SEP 06 2017

United States District Court
NORTHERN District of Texas
1205 Texas Ave, Room 209
Lubbock, TX 79401



RECEIVED
SEP - 7 2017
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

