IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LONNIE KADE WELSH, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| TEXAS CIVIL COMMITMENT | ) |
| OFFICE, et al., | ) |
| | ) |
| Defendants. | ) Civil Action No. 5:17-CV-083-C |

## ORDER

Before the Court is a multitude of motions filed by the Defendants and the various Plaintiffs to this removed civil action. The Court notes that Plaintiff Lonnie Welsh is apparently attempting to represent all named Plaintiffs in this *pro se* action and that he has repeatedly filed motions on behalf of the other Plaintiffs. Welsh is not a licensed attorney and is not authorized to represent other individuals in federal court. Plaintiffs proceeding *pro se* also have no right to bring a class action or consolidated action of individual claims. Thus, the Court finds that all claims asserted by Plaintiffs William Scott, Freddie Schmidt, Carl Smith, Daniel Bocanegre, Jr., Curtis Adams, Lorne Clark, Alonzo May, Danny Ellis, Robert Conway, and Joe Ovalle should be, and are, **DISMISSED WITHOUT PREJUDICE** to refiling in individual causes of action brought by each individual Plaintiff. If these Plaintiffs desire to file new lawsuits to pursue their claims, they must file their own complaint and must either pay the filing fee or file a motion to proceed *in forma pauperis*, which the Court will review under 28 U.S.C. § 1915(e). Defendants' Joint Motion to Sever, filed August 2, 2017, is **DENIED AS MOOT** given the Court's decision

that all Defendants other than Welsh should be dismissed from the above-styled and -numbered civil action without prejudice to filing their own complaints.

All pending motions filed by any of the now-dismissed Plaintiffs are **DENIED AS MOOT** because these Plaintiffs are no longer parties to the above-styled and -numbered civil action. All pending motions seeking the appointment of counsel are also **DENIED**. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296 (1989) (holding that courts are not authorized to make coercive appointments of counsel in civil cases); *Cupit v. Jones*, 835 F.2d 82 (5th Cir. 1987) (holding that there is no right to automatic appointment of counsel in a civil rights case); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) (holding that a trial court is not required to appoint counsel for an indigent plaintiffs unless the case presents exceptional circumstances).

Defendant Texas Civil Commitment Office's (TCCO) Motion to Dismiss, filed April 25, 2017, is **GRANTED** as to Plaintiff Welsh and **DENIED WITHOUT PREJUDICE** as to the other currently-named Plaintiffs.[1] Defendant TCCO is entitled to sovereign immunity and all claims asserted by Welsh against Defendant TCCO must therefore be **DISMISSED for lack of subject-matter jurisdiction**. Accordingly, Defendant TCCO is terminated as a party to this civil action. Defendants McLane, Greenwald, McCraw, Mercer, and Perez's Motion to Dismiss, filed April 28, 2017, is **DENIED WITHOUT PREJUDICE** to refiling as to any Plaintiff, including Welsh. Defendants' Motion to Strike and Response to Plaintiffs' Motion to Strike, filed August 2, 2017, is **DENIED AS MOOT**.

---

[1]Defendant TCCO may file motions to dismiss in any new case filed by the other currently-named Plaintiffs who are being dismissed by this Order.

The Court finds that Plaintiffs' Motion to Strike Defendants' FRCP 12(b)(6), or [Alternative] Motion for Leave to Amend, filed May 22, 2017, should be **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff Welsh's request to file an amended pleading is **GRANTED** and **Plaintiff Welsh shall be given fourteen (14) days to file an amended complaint** addressing the deficiencies pointed out by Defendants' Motions to Dismiss. The Motion is **DENIED** in all other respects. Plaintiff Welsh's amended pleading should advance *only his own claims* against the Defendants. Because the current complaint (petition) does not conform to federal pleading requirements and includes claims raised on behalf of the other currently-named Plaintiffs that have now been dismissed from this civil action, that pleading is **DISMISSED WITHOUT PREJUDICE** *sua sponte* by the Court. Plaintiff Welsh is cautioned that if he fails to file an amended complaint as instructed above, the Court will enter a final judgment dismissing the above-styled and -numbered civil action without prejudice.

Finally, Plaintiff Welsh's Motion to Reconsider State Law Claim of Medical Negligence, filed June 27, 2017, is **DENIED WITHOUT PREJUDICE for lack of subject-matter jurisdiction**.[2] All relief not expressly granted by this Order is **DENIED**.

SO ORDERED.

Dated this 7th day of September, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In this Motion, Welsh seeks reconsideration of a prior ruling made by the state court before this case was removed. This Court is without jurisdiction to reconsider, or hear an appeal from, a state court order.